UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM EDWIN MOORE,

               Petitioner,

vs.                       Case No.  2:09-cv-194-FtM-29SPC
                                  Case No.  2:05-cr-50-FtM-29SPC

UNITED STATES OF AMERICA,

               Respondent.

_____

**<u>OPINION AND ORDER</u>**

      This matter comes before the Court on petitioner William Edwin Moore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #204)[1] filed on April 2, 2009.  Petitioner filed 273 pages of exhibits on May 8, 2009 (Cv. Doc. #7) and another exhibit on May 26, 2009.  (Cv. Doc. #9.)  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on June 16, 2009.  (Cv. Doc. #14.)  The Court granted petitioner's request to include pages 10 through 33 of another document as part of his petition.  (Cv. Doc. #16.)  For the reasons set forth below, the motion is denied.

_____

     [1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

On May 11, 2005, a federal grand jury in Fort Myers, Florida returned a four-count Indictment (Cr. Doc. #1) charging petitioner William Edwin Moore (petitioner or Moore) with one count of armed bank robbery, one count of attempted armed bank robbery, one count of attempted bank robbery, and one count of using and carrying a firearm during a crime of violence. After lengthy pretrial proceedings, the matter proceeded to a jury trial and petitioner was convicted of all four counts after an eight day trial. (Cr. Doc. #141.) Petitioner was ultimately sentenced to 235 months imprisonment followed by five years supervised release. (Cr. Doc. #162.) Petitioner's convictions and sentences were affirmed on direct appeal, United States v. Moore, 257 Fed. Appx. 254 (11th Cir. 2007), and petitioner's petition for a writ of certiorari was denied on March 31, 2008, by the United States Supreme Court. Moore v. United States, 128 S. Ct. 1757 (2008).

Read liberally, petitioner's April 2, 2009 § 2255 Petition sets forth the following seven claims: (1) Petitioner's Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to meaningfully argue to suppress the pretextual stop of petitioner's vehicle and the subsequent warrantless and nonconsensual search of that vehicle; (2) Petitioner's Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to adequately conduct an independent investigation and prepare for trial; (3)

Petitioner's Sixth Amendment right to effective assistance of counsel was violated by counsel's various failures during trial; (4) The cumulative acts of ineffective assistance of counsel set forth in Grounds One through Three require that petitioner's convictions be vacated and a new trial granted; (5) Petitioner's Sixth Amendment right to effective assistance of counsel on direct appeal was violated when appellate counsel failed to order a transcript and raise various issues; (6) The prosecution suppressed material evidence favorable to the defense, in violation of petitioner's Fifth Amendment rights; and (7) Petitioner is actually innocent of the crimes.

On May 8, 2009, petitioner filed a second § 2255 petition, which was assigned Case No. 2:09-cv-294-FtM-29SPC. On May 20, 2009, the Court dismissed this second petition as a successive motion under 28 U.S.C. § 2255(h). (Cv. Doc. #8.) In the same Order, the Court gave petitioner twenty days to file a motion to amend his original § 2255 petition if he desired to do so. (Id.)

On June 5, 2009, petitioner filed a Motion to Amend, Attach, or Proceed to Correct As the Court Sees Fit Motion USC § 2255 Case No. 2:09-cv-194-FtM-29SPC. (Cv. Doc. #10.) In this motion, petitioner stated that he had not intended to file a second § 2255 petition, but rather wanted the court to consider the exhibits attached to that document in connection with his original § 2255 petition. On June 9, 2009, the Court entered an Order (Cv. Doc. #11) granting petitioner's request that the exhibits be considered

in conjunction with the original § 2255 petition. The Order also stated that if petitioner wanted the Court to consider the arguments presented in the second § 2255 petition, petitioner should file a consolidated petition forthwith. (Id.)

On June 22, 2009, petitioner filed a Motion to Submit Arguments in Support of Petitioner's Motion USC 28 § 2255 Case No. 2:09-cv-194-FtM-29SPC. (Cv. Doc. #15.) In this motion, petitioner requested that pages 10 through 33 from the second petition be submitted to supplement his arguments in the original petition. In an Order (Cv. Doc. #16) the Court granted this request, and allowed the government an additional sixty days to respond to the supplemental material.

On June 25, 2009, petitioner filed a Memorandum of Law (Cv. Doc. #17) in support of his original § 2255 petition, as supplemented by a single issue from the supplemental materials. No response was filed by the government. The supplemental material raises the following issue: Whether the testimony of the arresting officer provided further evidence regarding petitioner's argument that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to meaningfully argue to suppress the pretextual stop of petitioner's vehicle and the subsequent warrantless and nonconsensual search. (Cv. Doc. #17, p. 40.)

## II.

### A. Ineffective Assistance of Counsel Principles

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. Further, "[s]trategic choices made after a thorough investigation of law and facts relevant to

plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support limitations on investigation." Reed, 593 F.3d at 1240 (quoting Strickland, 466 U.S. at 690-91.) Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**B. Motion to Suppress**

Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to meaningfully argue to suppress the pretextual stop of petitioner's vehicle and the subsequent warrantless and nonconsensual search of that vehicle. (Cv. Doc. #17, pp. 17-18.) More specifically, petitioner argues that no proof of a formal Lee County Sheriff's Office (LCSO) policy for inventory searches was produced at the suppression hearing, and that it was the LCSO's policy that vehicles are only towed to the impound lot for investigation purposes, not to conduct inventory searches. (Id. at 18.) Petitioner also argues that his attorney never argued this actual policy, or the fact that the search was in fact an investigative search based on this policy, or the fact that the detective exceeded the scope of an inventory search. (Id. at 18.) In his supplemental materials, petitioner argues that the testimony of the officer additionally shows that standard procedure regarding the stop and resulting inventory search was not followed. (Id. at 40.) Further, petitioner argues that his attorney never argued to suppress the receipts on the grounds that the warrantless and non-consensual search was unconstitutional and fatally flawed because the search was targeted for the bank robbery and the detective conducting the search was not listed on the search log and seized the receipts without any chain of custody to preserve the evidence. (Id. at 19-20.) In short, petitioner argues, the motion to

suppress could have been successfully argued, but was not because counsel provided ineffective assistance.

The record reflects that defense counsel Lee Hollander filed a Motion to Suppress Evidence and Derivative Evidence From Search of Motor Vehicle on July 6, 2000 (Cr. Doc. #98) asserting that the search of petitioner's vehicle without consent or a search warrant violated the Fourth Amendment to the United States Constitution. In its written response, the government argued in part that the search of the vehicle was a proper inventory search. (Cr. Doc. #106, pp. 6-9.) The undersigned conducted an evidentiary hearing on this and two other motions to suppress on March 6, 2006. (Cr. Doc. #111.) On March 7, 2006, the undersigned issued an Opinion and Order (Cr. Doc. #115) finding, *inter alia* that the impoundment of the vehicle was lawful and that the search of the vehicle at the impound lot was a proper inventory search. The Court found, in the alternative, that if the inventory search of the vehicle did violate the Fourth Amendment, suppression was not required for various reasons. (Id. at 16-17.)

Having again reviewed the transcript of this suppression hearing, the Court finds that defense counsel provided effective assistance by arguing the suppression issues, including the inventory search issue. Counsel did in fact meaningfully argue to suppress the stop of petitioner's vehicle and the subsequent warrantless and nonconsensual search of that vehicle.

Mr. Hollander cross-examined the deputy who arrested petitioner as to the towing of the vehicle and the reason. (Cr. Doc. #181, pp. 142-45.) The deputy testified that it was the policy of the Sheriff's Office to tow any vehicle upon the arrest of the driver, and to conduct an inventory search of any vehicle that is towed. (Id. at 146.) Defense counsel cross-examined the deputy who conducted the inventory search of the vehicle concerning why it was not searched at the scene, (id. at 166) and why he seized the bank receipt without getting a warrant. (Id. at 171-74.) Defense counsel tried to assert that it was the LCSO's policy that vehicles are only towed to the impound lot for investigation purposes, not to conduct inventory searches. (Id. at 193-96.)

Defense counsel vigorously argued that the search was not an inventory search (id. at 328), and that it was a search without a warrant. (Id. at 332.) Defense counsel also argued to suppress the receipts on the grounds that the warrantless and non-consensual search was unconstitutional and fatally flawed because the search was targeted for the bank robbery and the detective conducting the search was not listed on the search log and seized the receipts without any chain of custody to preserve the evidence. (Id. at 328-34.) Despite defense counsel's effective questioning and argument, the Court found that the officer(s) were authorized to conduct the search of the vehicle incident to defendant's lawful arrest. (Cr. Doc. #115, p. 12.) Further, the Court found that the vehicle was impounded in good faith, based upon written LCSO

policies, and that the inventory search was proper, pursuant to LCSO policy, although on a delayed basis. (<u>Id.</u> at 14-15.) Counsel did not prevail on the motion to suppress, but this was based upon the substance of the evidence and not because of any ineffectiveness on defense counsel's part.

## C. Adequate Investigation and Trial Preparation

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to adequately conduct an independent investigation and prepare for trial. Specifically, petitioner alleges that his attorney: failed to investigate sources of verifiable income during the time period of the bank robberies, such as pay stubs and credit card checks and a $1,000 FEMA check; failed to investigate the time of sales at Mary Lou's Feed Store & Western Wear to the customer which preceded him and followed him, which would have established an alibi for one of the bank robberies; failed to investigate petitioner's injured ankle which prevents him from being able to jump and run, by failing to call the physician who performed the operation to his ankle or the medical records to rehabilitate petitioner's character by showing he was run over by a car while saving a woman from being run over; and to demonstrate he could not perform the actions described by witnesses who stated the perpetrator fled or was running or jumped into a car. (<u>See</u> Cv. Doc. #1, p. 6.)

Petitioner also asserts that defense counsel failed to investigate and present several witnesses including: an expert

medical witness to testify that petitioner's medical condition physically prevented him from doing such things (id.); Brian and Danny Gilman, who would have testified that they knew petitioner was unable to run or make a running jump, and that he hobbled when loaded down with weight due to his ankle injury, and would testify that petitioner was not the person depicted in the media of bank surveillance photographs as the robber (id. at 7); a Bank of America teller because she was never able to identify petitioner in a line-up, and believed someone other than petitioner had been the robber (id.); Tim Sekora as a defense witness, who would have testified that government witness Michael Lewis lied at trial (id. at 7-8); Brittany Keugel, who could have testified how the bank robber looked and ran and jumped, and would not identify petitioner as the robber (id. at 8); and Rob and Trudy Rabell and Angela Burgess, who would have testified that petitioner was not the person depicted in the bank surveillance photographs of the robbery. (Id. at 8-9.) Petitioner also asserts that defense counsel failed to present telephone records and witnesses to show petitioner was on the phone during several of the bank robberies. (Id. at 7.) Finally, petitioner asserts that defense counsel failed to properly impeach Michael Lewis, who constructed a story filling in the blanks as necessary. (Id.)

Petitioner argues that he should have been acquitted, but was not because counsel inadequately investigated and prepared for trial and thus provided ineffective assistance. However, the

record reflects that defense counsel did adequately investigate and prepare for trial. Petitioner does not allege evidence that was not substantially presented to the jury. The substance of his concerns came out at trial. He mainly argues about who presented what evidence. Defense counsel presented the store clerk who worked at Mary Lou's western store to establish an alibi for one of the robberies. (Cr. Doc. #192, pp. 1159-1171.) Petitioner testified to his problems with jumping and running. (Cr. Doc. #193, pp. 1295-1298.) Defense counsel presented witnesses who testified that it was not petitioner in the surveillance photographs of the robbery. (<u>See, e.g.</u>, Cr. Doc. #192, pp. 1095-1098, 1112-1113, 1120-1121.) Defense counsel presented a witness that testified that she spoke with defendant on the phone on the date of the bank robbery. (<u>Id.</u> at 1139-1141, 1151.)

While defense counsel did not present every possible witness, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, <u>Strickland</u>, 466 U.S. at 689-90, and it is clear that defense counsel's investigation and preparation were not deficient. Further, after an investigation of the law and facts, trial strategy calls are "virtually unchallengeable." <u>Reed</u>, 593 F.3d at 1240. Evidence was presented regarding all the issues that petitioner raises, and no ineffective assistance of counsel has been shown.

## D.  Trial Issues

Petitioner argues that his attorney opened the door to Rule 404(b) evidence relating to drug use by bringing up the fact that petitioner had driven Daniels to the location to buy drugs; failed to adequately argue the Rule 404(b) issue, thus allowing the prosecution to use drug use as a motive to commit the bank robberies; failed to object when the prosecution violated a motion *in limine* regarding expert witness Bonner; and failed to object when the court prohibited defense from presenting any expert analysis to the jury regarding the failure of the FBI facial recognition analysis comparison between the bank robber and petitioner.  (Cv. Doc. #1, p. 9.)  Petitioner argues that the relevant motions and objections should have been successful, and since they were not, petitioner received ineffective assistance. (Cv. Doc. #17, p. 29.)

Having reviewed the trial transcript, the Court finds petitioner has not established any deficient performance by counsel during the trial.  Petitioner is simply mistaken about the evidence concerning petitioner's drug usage.  The Court did not find that the defense counsel opened the door to Rule 404(b) evidence concerning petitioner's drug usage.  (Cr. Doc. #190, pp. 853-54.) After extensive argument and defense counsel's vehement objections, this Court found that while the evidence of petitioner's drug use was prejudicial, it was also probative.  (<u>See</u> Cr. Doc. #191, pp.

943-46.) Defense counsel also meaningfully objected to expert witness Bonner's testimony. The Court conducted a Daubert[2] hearing where defense counsel cross-examined the expert and argued that the expert should not testify. (See Cr. Doc. #122; Cr. Doc. #188, pp. 428, 497-507.) The Court ruled that the expert witness could testify, but granted petitioner's motion *in limine* regarding expert testimony on whether petitioner could be excluded as the person depicted in the surveillance photographs. (Cr. Doc. #122.) On each of these issues, defense counsel meaningfully argued for petitioner, and on at least one issue, petitioner's motion *in limine* was granted. Additionally, petitioner has failed to establish any prejudice from counsel's performance. Thus, it is clear that petitioner received effective assistance during the trial.

**E.  Alleged Failures of Appellate Counsel**

Petitioner argues that his Sixth Amendment right to effective assistance of counsel on direct appeal was violated because his appellate attorney failed to order certain transcripts, which precluded review by the Court of Appeals of the issue of his right to counsel of choice; failed to raise the issue of the drug use testimony admitted in violation of Rule 404(b); failed to raise the issue of preclusion of any expert analysis about defendant; and

---

[2]Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

failed to raise the issue of government suppression of favorable evidence. (Cv. Doc. #17, pp. 24-29.)

According to petitioner's criminal docket, the record on appeal consisted of 16 transcripts. (Cr. Doc. #202.) The transcript of a February 17, 2006 hearing on petitioner's motion to dismiss counsel was not ordered. (See Cr. Docs. ##96 and 97.) Since the transcript was not ordered, the Eleventh Circuit did not review petitioner's challenge to this Court's denial of petitioner's pre-trial motion to dismiss his lawyer. Moore, 257 Fed. Appx. at 255 n.2. The Eleventh Circuit did review the denial of petitioner's motion for a continuance to secure a new lawyer, and found no abuse of discretion in the denial of that motion. Moore, 257 Fed. Appx. at 255-56.

Assuming the failure to order the transcript of the February 17, 2006, motion hearing was deficient performance, petitioner must still establish prejudice in order to show ineffective assistance of counsel. The undersigned directed that a transcript of that hearing be prepared and filed (Cr. Doc. #208.) in order to review this issue. After reviewing that transcript, the Court finds that petitioner cannot demonstrate that he, "would have had a reasonable probability of success on appeal, . . ." Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).

Denial of petitioner's pre-sentencing motions are reviewed for abuse of discretion. Moore, 257 Fed. Appx. at 255; United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005). It is petitioner's

burden to show "that the denial was an abuse of discretion and that it produced specific substantial prejudice." <u>United States v. Smith</u>, 757 F.2d 1161, 1166 (11th Cir. 1985).  During the hearing regarding Moore's motion to dismiss counsel, Moore argued that he wanted new counsel because his current counsel, Lee Hollander, had generally not followed Moore's preferred trial strategy including: contacting all potential defense witnesses; subpoenaing all documents; and addressing every Fourth Amendment suppression issue to Moore's satisfaction.  (Cr. Doc. # 209, pp. 5-6.)  Mr. Hollander responded that the Fourth Amendment issues did not have legal merit (<u>id.</u> at 9); that some of Moore's suggested motions would be better made at trial (<u>id.</u>); and that he was currently working on the relevant subpoenas, but that some of the potential defense witnesses that Mr. Moore requested may be more hurtful than helpful to the case.  (<u>Id.</u> at 10, 18.)  The Court found that there was a need for an *in camera* and *ex parte* hearing regarding the specifics of Moore's objections.  (<u>Id.</u> at 14-15.)

During the *in camera* and *ex parte* session, Moore and Mr. Hollander detailed their differing opinions on trial strategy. Moore essentially addressed the very same issues that he argues as the basis for his ineffective assistance claims regarding the motion to suppress, investigation and preparation and trial presentation.  Moore wanted his counsel to look into Fourth Amendment issues pertaining to the search of the hotel and his car;

the witness that saw the bank robber run into a green vehicle; an expert to testify that Moore could not run; a subpoena for the receipts from the store where Moore alleges he was at the time of one of the bank robberies; and speak to the witness who may have been on the phone with Moore during one of time of one of the bank robberies.  (Id. at 19-31.)

After evaluating Moore's concerns, and considering that the case had already been continued many times, the Court found that Mr. Hollander was providing competent assistance and denied Moore's motion to dismiss Mr. Hollander and to continue the trial.  (Id. at 54-55.)  The Court also granted leave for Mr. Hollander to file a motion to suppress regarding the 2005 arrest and search and seizure of a motel room and the 2000 seizure of a receipt from his truck.[3] (Id. at 55.)

The record fails to show an abuse of discretion.  Petitioner simply argues that the motion was wrongly decided.  Essentially, the issues Moore had with his attorney were questions of trial strategy, which are "virtually unchallengeable."  Reed, 593 F.3d at 1240.  Thus, petitioner has not shown prejudice from appellate counsel's failure to obtain the transcript of the February 17, 2006 hearing.

---

[3]The Court notes that following the February 17, 2006 hearing, Moore's counsel did file three motions to suppress on these and other issues. (See Cr. Docs. ## 98-101.)  The Court denied these motions in an Order and Opinion (Cr. Doc. #115) addressed above.

Further, petitioner's appellate counsel was also was not constitutionally ineffective for failing to raise the other issues petitioner noted.  An appellate attorney is not required to raise every issue in order to be effective, in fact it may be beneficial not to raise some weaker arguments on appeal.  See Brownlee v. Haley, 306 F.3d 1043, 1062 (11th Cir. 2002) (citing Smith v. Murray, 477 U.S. 527, 536 (1986)).  None of the issues would have been meritorious on appeal.

### III.

### Government Suppression of Favorable Evidence

"[T]he suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." Hammond v. Hall, 586 F.3d 1289, 1305 (11th Cir. 2009) (quoting Brady v. Maryland, 373 U.S. 83, 87 (1963)).  "A Brady violation has three components: '[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued.'"  Id. (quoting Strickler v. Greene, 527 U.S. 263, 281–82 (1999)).

Petitioner argues that the prosecution suppressed material evidence favorable to the defense, in violation of his Fifth Amendment rights.  Specifically, petitioner argues that his attorney was never given a copy of a statement or name of the

witness (believed to be Brittany Keugel) interviewed by Detective Christiansen. The witness observed that bank robber run from the bank and jump into a car, and did not identify petitioner as the bank robber. (Id. at 11.)

There was no suppression of evidence. In its Response, the government states that they did provide the little information it had on this alleged eyewitness to the defense. (Cv. Doc. #14, p. 29.) Further, defense counsel questioned a witness at trial regarding this alleged eyewitness' claims. (Cr. Doc. #184, p. 723-24.) Defense counsel presented witness testimony that it was not petitioner in the surveillance photographs of the robbery. (See, e.g., Cr. Doc. #192, pp. 1095-1098, 1112-1113, 1120-1121.) Defense counsel also specifically cross-examined one of the bank tellers who could not pick petitioner out of a photo lineup. (Cr. Doc. #189, pp. 705-706.) Since the evidence regarding the alleged eyewitness was not suppressed, there was no violation of petitioner's due process rights. Hammond, at 1305. Additionally, even if a particular witness was not identified, no prejudice resulted because her testimony would not have changed the outcome of the case, as the substance of the alleged eyewitness testimony was presented at trial. See id.

## IV.

Petitioner argues that he is actually innocent of the crimes for which he has been convicted. Petitioner essentially challenges the sufficiency of the evidence. (Id. at 12.)

A motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal. <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004). This is because "[o]nce the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982). "[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>Lynn</u>, 365 F.3d at 1232 (internal quotations omitted). The evidence was sufficient to sustain each of petitioner's convictions, and petitioner has not shown he is actually innocent of any of the offenses of conviction.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

3.  **CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED:**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of April, 2010.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
William Edwin Moore